UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELSAYED A. ELNENAEY,

                    Plaintiff,

-against-

FIDELITY BROKERAGE SERVICES, LLC, ET AL.,

                    Defendants.

23-CV-6970 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a fully completed *in forma pauperis* (IFP) application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application with his complaint, but he has not answered all of the questions in the application. For example, Plaintiff has not responded to questions about whether he has received any "gifts or inheritances" or money from "any other sources." (ECF 2 at 1-2.) Moreover, Plaintiff's complaint refers to assets not listed on the IFP application, such as real property in Egypt, raising questions about whether he has disclosed all of his assets. Plaintiff also invokes a prior action in this district, in which counsel for the intervenor submitted what appears to be a 2015 state court order from Judge Art Richie of the District Court, Family Division, in Clark County, Nevada, apparently awarding Plaintiff an undivided interest in

numerous assets located in Egypt, including real property, checking and savings accounts, and a pension.[1]

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application that is completed fully, including identifying all of his worldwide assets. If Plaintiff submits the amended IFP application, it should be labeled with docket number 23-CV-6970 (LTS). If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice. No summons shall issue at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 23, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] In Plaintiff's recent suit, his application to proceed IFP was denied, and he paid the $505.00 appeal fee. *See Elnenaey v. Fidelity Management Trust Co., et al*, No. 19-13253 (11th Cir. Dec. 1, 2019).